# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| **CHRIS CHAPMAN # 212223,**            | )   |                          |
|                                        | )   |                          |
| **Plaintiff,**                         | )   |                          |
|                                        | )   |                          |
| **v.**                                 | )   | **No. 3:11-1135**        |
|                                        | )   | **Judge Campbell/Brown** |
| **RICKY BELL,** *et al.*,              | )   |                          |
|                                        | )   |                          |
| **Defendants.**                        | )   |                          |

**To: The Honorable Todd Campbell, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge RECOMMENDS that: **1)** the plaintiff's motion for a restraining order/order of protection and preliminary injunction (Docket Entry 39) be **DENIED**; **2)** the plaintiff's motion for additional time to identify previously unnamed and unidentified defendants (Docket Entry 132) be **DENIED**; **3)** the defendants' motions to dismiss (Docket Entries 77, 95, 113) be **GRANTED; 4)** the plaintiff's federal law claims be **DISMISSED** for failure to state a claim within the meaning 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and **5)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. INTRODUCTION

The plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights while he was a pre-trial detainee at the Riverbend Maximum Security Institution (RMSI), and later while incarcerated in the Northwest Correctional Complex (NWCX). (Docket Entry 1, ¶ IV, p. 9)[1] The plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. (Docket Entry 1, p. 11)

---

[1] The page numbers referred to herein are the page numbers assigned by CMECF.

This action was referred to the Magistrate Judge on November 30, 2011 "for the management of the case, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation [R&R] on all dispositive motions, and to conduct further proceedings, if necessary, pursuant to Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." (Docket Entry 10)

## II. BACKGROUND

The Court dismissed this action on initial review against the following defendants for failure to state a claim: former Tennessee Department of Correction (TDOC) Commissioner Gayle Ray, current TDOC Commissioner Derrick Schofield, former Assistant TDOC Commissioner Reuben Hodges, and Correctional Medical Services, Inc. (CMS). (Docket Entry 10, p. 4) The Court subsequently denied the plaintiff's motion to reconsider its Order dismissing the above-named defendants. (Docket Entries 14, 29)

The first Order entered by the Magistrate Judge after referral was to note on February 14, 2012 that the plaintiff had listed unspecified number of unknown and unnamed defendants to this action. (Docket Entry 18) The plaintiff was directed to identify those defendants and to request service within one hundred twenty (120) days, otherwise those defendants were subject to dismissal without prejudice unless the Court granted him additional time under Rule 4(m), Fed. R. Civ. P..

The Tennessee Attorney General's Office filed an Answer on April 10, 2012 on behalf of the following defendants: Thomas Vance (NWCX), Valerie Hampton (NWCX), C. Nolton Kayser (RMSI), David Castile (RMSI), Terry Puckett (NWCX), Robert Mosley (RMSI), Evelyn Thompson (NWCX), Thomas Bryant (RMSI), Linda Pollock (NWCX), and Sandra Hall (RMSI). (Docket Entry 33) The plaintiff's motions for an extension of time to respond to this and other Answers filed was denied, because "Federal Rules of Civil Procedure do not provided for, or allow, a response as

such to an answer." (Docket Entries 34-35)

On April 17, 2012, the plaintiff filed a motion for a restraining order/order of protection and a preliminary Injunction (Docket Entry 39), a motion to amend the complaint to add new claims (Docket Entry 40), and a motion to supplement/amend his motion for a restraining order/order of protection, and preliminary injunction (Docket Entry 41). An Order entered on May 17, 2012 denying the plaintiff's motion to amend his complaint (Docket Entry 40) "[in] its present form" (Docket Entry 62, p. 1). The plaintiff was advised that, if he wanted to amend his complaint, he was required to provide a copy of the proposed amended complaint. In that same Order, the defendants were given fourteen (14) days to respond to the plaintiff's motions for a restraining order/order of protection and preliminary injunction (Docket Entries 39, 41). The defendants responded to the plaintiff's motions for a restraining order/order of protection and preliminary injunction, and the plaintiff replied. (Docket Entries 66, 72) The plaintiff's motion to supplement/amend his motion for a restraining order/order of protection and preliminary injunction was subsequently granted on October 22, 2012. (Docket Entry 107, p. 2)

The Tennessee Attorney General's Office filed an Answer on April 30, 2012 on behalf of the following defendants: Ricky Bell (RMSI), Courtney McClain (NWCX), Veronica Cadney (Avery) (NWCX), and Kelly Henson (NWCX). (Docket Entry 60) The Tennessee Attorney General's Office filed an Answer on May 22, 2012 on behalf of defendant Michael Mosby (RMSI) (Docket Entry 65), and on June 6, 2012, an Answer on behalf of Bryan Baldwin (Docket Entry 74). The plaintiff's response (Docket Entry 68) to the defendant Mosby's Answer (Docket Entry 65) was denied for reasons previously explained to the plaintiff (Docket Entries 35, 69).

Defendants Bell, Bryant, Cadnhey, Castille, Hall, Hampton, Henson, Kayser, McClain, Mosby, Mosley, Pollock, Puckett, Thompson, and Vance filed a motion to dismiss with supporting

memorandum of law on June 11, 2012. (Docket Entries 77-78) The plaintiff filed a Response to the defendants' motion to dismiss on June 26, 2012. (Docket Entry 87)

A case management conference was held on June 21, 2012. (Docket Entry 107) The plaintiff's request that he be permitted to appear by telephone was granted, and arrangements were made for him to do so. (Docket Entries 71, 80, 82) In a related response, the plaintiff advised the Magistrate Judge for the first time that he had "inquired" as to how he could serve those defendants not yet served, and that the issue of "unserved subpoenas wasn't . . . raised until recently, after a prolonged period of time . . . ." (Docket Entry 71, p. 2, ¶¶ 1.B-C) Defendant Jones, who had not yet been served, was the only specific defendant discussed during the telephone conference. (Docket Entry 107, p. 1)

Following the case management conference, defendants Bell, Bryant, Cadnhey, Castille, Hall, Hampton, Kayser, McClain, Mosby, Mosley, Pollock, Puckett, Thompson, and Vance filed a motion and supporting memorandum of law to stay discovery pending a resolution of their motion to dismiss. (Docket Entries 84-85) The motion was subsequently granted as to all defendants who had filed motions to dismiss. (Docket Entries 92, 107-108, 116)

The plaintiff renewed his motion to amend his complaint on June 26, 2012, and requested that council be appointed. (Docket Entries 88-90) The defendants filed a response in opposition to the motions, and the plaintiff replied. (Docket Entry 91, 93) Both motions were denied, the motion to amend because the plaintiff had not submitted a proposed amended complaint for consideration by the Court. (Docket Entries 107, 130)

Defendant David Mills filed a motion to dismiss and supporting memorandum of law on July 30, 2012. (Docket Entries 95-96) The plaintiff responded on August 30, 2012. (Docket Entry 97)

The Tennessee Attorney General's Office filed a motion to dismiss and supporting

memorandum of law on October 29, 2012 on behalf of the following defendants: Anthony Lovell (NWCX), Teresa Readenour (NWCX), Bobby Garrigus (NWCX), Tim Herron (NWCX), Larry Watts (NWCX), and Sandra Cagle (NWCX). (Docket Entries 113-114) The plaintiff filed a response on November 13, 2012 in opposition to the defendants' motion to dismiss. (Docket Entry 119)

An Order entered on November 19, 2012 directing the plaintiff to provide additional information within fourteen (14) days pertaining to defendant Jones, who had yet to be served. (Docket Entry 120) The plaintiff was forewarned in that Order that:

> Failure to provide sufficient information to identify J. Jones may result in dismissal of claims against J. Jones for failure to obtain service of process as required by Federal Rule of Civil Procedure 4(m).

In his response, the plaintiff alleged that NWCX officials had been "uncooperative and unresponsive" in helping him to identify defendant J. Jones. (Docket Entry 122) An Order entered on December 4, 2012 directing the defendants to "provide identifying information concerning" defendant J. Jones, if the information provided by the plaintiff was sufficient for them to do so. (Docket Entry 130) Thereafter, on December 6, 2012, the defendants provided the names of two NWCX employees named "J. Jones." (Docket Entry 134) The plaintiff was advised to inform the court which "J. Jones" he was going to name as a defendant so that he could be served. (Docket Entry 136)

The plaintiff filed a motion on December 4, 2012 for the production of documents requiring TDOC and CMS to identify those unknown and unnamed defendants in his complaint, and renewing his Motion to appoint counsel. (Docket Entries 132-133, 135) The plaintiff's motion to appoint counsel was again denied. (Docket Entry 135) Although the plaintiff's motion pertaining to the unnamed defendants was granted initially (Docket Entry 146), as discussed *infra*, the Magistrate

Judge is now of the opinion that he erred in granting the motion.

The plaintiff filed a motion to "permit and obtain proper work equipment" to assist him in litigating this action. (Docket Entry 138) The defendants objected, citing "penological interests in preventing" access to the resources requested by the plaintiff. (Docket Entry 142) The plaintiff's motion was denied, however the Magistrate Judge noted that he could "accommodate the Plaintiff with additional time to file pleadings and respond to motions." (Docket Entry 146)

On January 8, 2013, the plaintiff filed a document captioned "PLAINTIFF'S RESPONSE TO PHONE APPEARANCE AND DOCKET # 146" in which he raised several previously decided issues, as well as new charges against NWCX officers. (Docket Entry 152) Although not captioned as such, the Magistrate Judge treated the document as a Motion denying each issue raised. (Docket Entry 154)

The following are before the Court: **1)** the plaintiff's motion for a restraining order, order of protection and preliminary injunction (Docket Entry 39); **2)** the plaintiff's motion for additional time to identify previously unnamed and unidentified defendants (Docket Entry 132); **3)** the motion to dismiss filed by defendants Bell, Bryant, Cadnhey, Castille, Hall, Hampton, Henson, Kayser, McClain, Mosby, Mosley, Pollock, Puckett, Thompson, and Vance (Docket Entry 77); **4)** the motion to dismiss filed by defendant Mills (Docket Entry 95); and **5)** the motion to dismiss filed by defendants Lovell, Readenour, Garrigus, Herron, Watts, and Cagle (Docket Entry 113).

## II. ANALYSIS

### A. Pending Non-Dispositive Matters

#### 1. Plaintiff's Motion for a Restraining Order/ Order of Protection and Preliminary Injunction

The plaintiff has filed a motion for a restraining order/order of protection and preliminary injunction. (Docket Entry 39) The plaintiff asserts that the defendants' "friends/co-workers at [the]

Northwest Correctional Facility . . . are continuing a tortious campaign of harassment that has followed [him] . . . from institution to institution and has picked up momentum since filing [his] complaint." (Docket Entry, p. 1) The plaintiff asserts further that he:

> fears that the actions of the defendants and their friends/co-workers, the Tennessee Department of Corrections, and each of their officers, agents, employers and any and all persons acting in concert or participating with them again will escalate to the point of violence against the plaintiff . . . .

The defendants argue in response that, apart from an allegation that one corrections officer denied the plaintiff unspecified legal documents, and that another threatened to make "fraudulent, false and libelous accusations" against him, the motion is otherwise nothing more than a rehash of the original complaint. (Docket Entry 66, p. 2) The defendants also argue that the plaintiff's claim that the alleged conduct will "escalate to the point of violence" is "pure speculation and not supported by any credible evidence." (Docket Entry 66, p. 2)

The Court considers the same factors in deciding whether to grant a motion for a restraining order as it does in considering a motion for a preliminary injunction. *See e.g., Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007). In evaluating a request for a preliminary injunction, a district court considers: 1) the movant's likelihood of success on the merits; 2) whether the movant will suffer irreparable injury without a preliminary injunction; 3) whether issuance of a preliminary injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuance of a preliminary injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)(*citing American Imaging Services, Inc. v. Eagle–Picher Indus., Inc.* (*In re Eagle–Picher Indus., Inc.*), 963 F.2d 855, 858 (6th Cir.1992)).

"[T]he four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied." *Id*. (*citing American Imaging Services*, at 859). "These

factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *Id*. However, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion" because a preliminary injunction is an extraordinary remedy. *Id*. (*citing Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 729 (6th Cir. 2000)). The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success. *Id*. (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974)).

As shown in this R&R, the plaintiff does not prevail on the merits of his case. Moreover, the Magistrate Judge concurs in the defendants' argument that the plaintiff's escalated-violence claim is pure speculation unsupported by any credible evidence. The plaintiff also does not assert, nor can it be liberally construed from his motion, that failure to grant his motion will cause harm to others, substantial or otherwise, or that there is an issue of public interest involved. Finally, because the plaintiff fails to satisfy any of the factors under *McNeilly*, the balance of those factors does not weigh in his favor. In sum, the plaintiff fails to satisfy any part of the four-part analysis under *McNeilly*.

For the reasons stated above, the plaintiff is not entitled either to a restraining order of a preliminary injunction. Having failed to establish that he is entitled to one or the other, he also cannot demonstrate the need for an order of protection. Accordingly, the plaintiff's motion (Docket Entry 39) should be **DENIED**.

### 2. The Plaintiff's Motion to Identify and Name Previously Unnamed and Unidentified Defendants

The Magistrate Judge previously granted the plaintiff an extension of time to identify and name previously unidentified defendants to this action and that, upon the plaintiff's motion, the Magistrate Judge would permit him to amend his complaint to name those defendants. (Docket

Entry 146)  For the reasons explained below, the Magistrate Judge is now of the opinion that granting the motion was in error.  Inasmuch as denying the motion would be tantamount to denying the plaintiff's motion to amend, the Magistrate Judge has included the matter in this R&R for the Court to decide.

The plaintiff named an unspecified number of unnamed defendants in his complaint. (Docket Entry 1, ¶ IV, ¶¶ 1-25, pp. 6-9)  The Magistrate Judge entered an Order on February 14, 2012 in which he reminded the plaintiff that he had named such defendants in his complaint and that, under Rule 4, Fed. R. Civ., he had 120 days within which to identify and request service on those defendants unless an extension of time were granted.  (Docket Entry 18) The Magistrate Judge advised the plaintiff that failure to identify and request service on the unknown defendants would result in the dismissal of those defendants without prejudice unless additional time was granted to the plaintiff.  (Docket Entry 18)

More than nine and one-half (9 ½) months after the Order referred to above entered, and more than six (6) months after the 120 days provided in Rule 4, the plaintiff filed a motion for the production of documents asking the Magistrate Judge to order TDOC and CMS to "divulge the identity" of the "X unknown individuals named . . . in the original complaint . . . ."  (Docket Entry 132) This motion is the first indication in the record that the plaintiff was having difficulty with TDOC and CMS in identifying the unknown defendants at issue, and it was the first time that the plaintiff asked the Magistrate Judge to intervene with the defendants on his behalf on this issue.

Following a telephone conference on December 13, 2012 in which the plaintiff participated, the Magistrate Judge granted "[t]he plaintiff's motion for the identification of various unknown medical staff personnel."  (Docket Entry 146, p. 2) The State was directed to provide copies of the plaintiff's medical records to him within twenty-one (21) days for the purpose of identifying the

unknown defendants in question. (Docket Entry 146, p. 3) In that same Order, the Magistrate Judge advised the plaintiff that he:

> may request permission to amend his complaint to add the medical staff individuals, once he has identified them, along with the specific complaints as to what they did or did not do to him. His request should include a specific amended complaint.[2]

(Docket Entry 146, p. 2) The question in retrospect is, if the plaintiff is permitted to amend his complaint to add new defendants at this late date, are there statute of limitations implications?

Federal courts apply the state personal injury statute of limitations in actions brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(§ 1983 claims). The statute of limitations for personal injury arising in Tennessee and brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The last alleged event that gave rise to this action occurred on August 4, 2011. (Docket Entry 1. ¶ IV.25, p. 9) Under Tennessee law, the statute of limitations ran in this action on August, 3 2012. In other words, permitting the plaintiff to add new defendants to this action at this late date would mean bringing them into this action more than five (5) months after the statute of limitations had run.

The next question is whether the doctrine of "relation back" would permit the plaintiff to name new defendants after the statute of limitations had run. In interpreting Rule 15(c), Fed. R. Civ. P. ("Relation Back of Amendments"), the Supreme Court held that there were four requirements for an amendment to "relate back" to the original complaint: 1) the basic claim must have arisen out of the conduct set forth in the original pleading; 2) the party to be brought in must have received such

---

[2] The Magistrate Judge notes that many of the unnamed defendants were corrections officers as well.

notice that it would not be prejudiced in maintaining its defense; 3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and 4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune*, 477 U.S. 21 (1986).

The Sixth Circuit was confronted with a situation nearly identical to the one here in *Doe v. Sullivan County, Tenn*., 956 F.2d 545 (6th Cir. 1992). In that case, the plaintiff named as defendants "other Deputy Sheriffs to be named later," analogous to this case wherein the plaintiff identifies the following putative defendants: "X# unknown officers," "X# unknown officers, nurses and doctors," "X# RMSI staff," "X# officers," "X# 2nd shift officers as told to Plaintiff by another officer," and "X# CBCX, WTSP and NWCX facility medical staff." Citing *Schiavone*, *surpa*, as authority, the Sixth Circuit wrote:

> Although as jailers the three defendants reasonably could be expected to have known of the instant suit, this alone is insufficient to impute to them knowledge of their future status as defendants. Many jailers and employees who were not named as defendants were aware of and even deposed in this case. It cannot seriously be maintained, however, that knowledge of their interest in the matter should be imputed to all of them. Plaintiff offers no grounds for why jailers Waterson, Peters, and Baker should have been **uniquely aware that they were parties in interest**. We therefore affirm the district court's denial of plaintiff's motion to add the three additional defendants.

*Doe v. Sullivan County*, 956 F.2d at 552 (emphasis added). Relying on the reasoning above, the Sixth Circuit affirmed the district court's denial of plaintiff's motion to amend. *Id*. As the facts in *Doe v. Sullivan County* are nearly identical to those in this case, it cannot be said that the unnamed defendants in this action were "uniquely aware that they were persons in interest." Even if they

were uniquely aware, the plaintiff seeks to bring them into this action well after the prescribed limitations period. For these reasons, the Plaintiff does not satisfy the requirements set forth in *Schiavone*. Consequently, the doctrine of "relation back" does not permit the plaintiff to bring the previously unknown and unidentified defendants into this action at this late date.

Finally, the Magistrate Judge notes that the law is well established that "[t]he court should freely give leave [to amend] when justice so required." Rule 15(a), Fed. R. Civ. P.; *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A motion to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001), *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dept.of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993). As shown below, to permit the plaintiff to amend his complaint to name and add the previously unidentified defendants would be futile, because the plaintiff's claims are subject to dismissal under Rule 12(b)(6).

For all of the reasons explained above, the plaintiff's motion for additional time to identify previously unidentified and unnamed defendants (Docket Entry 132) should be **DENIED**.

## B. Defendants' Motions to Dismiss

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir.

1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (1995); *Erie County, Ohio v. Morton Salt, Inc.* – F.3d --, 2012 WL 6581676 (2012).

In dismissing a complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P, "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Beztak Land Co. v. City of Detroit*, 298 F.3d 559, 565 (6th Cir. 2002)(quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). "'A motion to dismiss under Rule 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001)). Despite the instruction to construe the complaint liberally in the plaintiff's favor, a complaint must contain "either direct or inferential allegations respecting all the material elements," and those allegations must amount to more than "bare assertions of legal conclusions." *Scheid*, 859 F.2d at 436.

The plaintiff's claims are as follows: 1) his legal mail was inspected when he was not present in violation of his rights under the First Amendment; 2) he was denied his personal property in violation of his rights under the Fourth and/or Fifth Amendment; 3) he was punished without due process in violation of the Fifth Amendment; 4) he was denied adequate medical care in violation of his rights under the Eighth Amendment; 5) he was denied access to the courts in violation to his rights under the First Amendment; 6) he was punished for exercising his First Amendment Rights; 7) he was subject to excessive force in violation of his rights under the Eighth Amendment; and 8) he was not properly clothed from June 2010 to March 2011 in violation of his rights under the Eighth Amendment. (Docket Entry 1, ¶¶ IV.1-25, pp. 6- 9)

## 1. Legal Mail Claims

The plaintiff asserts that defendants Mosby, Hall, Bell, Hodge, Vance, Mills, Jones, Lovell, Garrigus, Readenour, and an unspecified number of unidentified defendants were involved in opening his legal mail outside his presence. (Docket Entry 1, ¶¶ IV.1, 5, 8-9, 21-22-25, pp. 6, 8-9) The defendants argue that this claim is conclusory. (Docket Entries 78, 96, 114, pp. 5, 4, and 8 respectively)

A prisoner's right to receive mail, including legal mail, is protected by the First Amendment. *Muhammad v. Pitcher*, 35 F.3d 1081, 1984-85 (6th Cir. 1994)(citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992))(internal quotation marks omitted). A policy of a prison or a jail to open legal mail outside of a prisoner's presence is unconstitutional. *Muhammad*, 35 F.3d at 1086.

The plaintiff does not allege, nor can it be liberally construed from the pleadings, that RMSI and/or NWCX have a policy of opening legal mail out side the presence of inmates, much less that the defendants were acting in accordance with that policy. Neither does the plaintiff allege, nor can it be liberally construed from the pleadings that the defendants acted knowingly and with the intent

to violate the plaintiff's constitutional rights, both of which elements are required to establish a claim cognizable under § 1983. *See Daniels*, 474 U.S. at 333-36; *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993)(standing for the proposition that mere negligence, recklessness, or mistakes are insufficient to state a claim under § 1983). Finally, the plaintiff does not assert that the legal mail at issue was marked as such so that constitutional protection would attach irrespective of any policy, formal or otherwise. Absent any supporting factual allegations, these claims are conclusory.

For the reasons explained above, these claims should be dismissed for failure to state a claim on which relief may be granted.

. **2. Personal Property Claims**

The plaintiff asserts that defendant Bell denied him his personal property while he was at RMSI, and several months later that an unspecified number of unidentified officers at WTCX stole his property while he was in court. (Docket Entry 1, ¶¶ IV.2, 14, pp. 6-7) Defendant Bell argues that the plaintiff fails to state a claim cognizable under § 1983, because he has not exhausted State remedies that are available to him. (Docket Entry 78, pp. 6-9)

The plaintiff provides no factual allegations in support of either of these claims, nor can any factual allegations be liberally construed from the pleadings. For reasons previously explained, these claims are conclusory. In any event, the Fourth Amendment provides no protection against unreasonable seizures in the prison or jail setting. *See Hudson v. Palmer*, 468 U.S. 517, 527 n.8 (1984). Section 1983 also provides no relief under a Fifth Amendment due process theory, because a due process claim does not lie for the negligent deprivation of property, *see Parratt*, 451 U.S. at 543, or for the intentional, but unauthorized, deprivation of property, where the deprivation was unpredictable and pre-deprivation procedures were impracticable, *see Zinermon v. Burch*, 494 U.S.

113, 127 (1990), unless state court remedies are inadequate to redress the alleged wrong, *see Hudson*, 468 U.S. at 531-33. The Sixth Circuit has held that Tennessee's statutory post-deprivation remedy is adequate. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985). The plaintiff does not allege that he exhausted his post-deprivation remedies in the Tennessee Claims Commission, nor can such an inference be liberally construed from the pleadings.

For the reasons explained above, these claims should be dismissed for failure to state a claim on which relief may be granted.

### 3. Due Process Claims

The plaintiff asserts that defendants Mosby, Castille, Hall, Bell, Hampton, Jones, Lovell, Garrigus, Readenour, Herron, Watts, and an unspecified number of officers punished him without due process while he was a pretrial detainee at RMSI. (Docket Entry 1, ¶¶ IV.3, 13, 23-24, pp. 6-7, 9) The defendants argue that these claims are conclusory. (Docket Entries 78, 114, pp. 15-17 and 2-4 respectively)

Generally speaking, a prisoner-plaintiff cannot show a denial of due process absent an atypical and significant hardship, such as the loss of good-time credits. *See Sandin v. Conner*, 515 U.S. 472, 485-87 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Although state statutes and regulations may confer a liberty interest on a prisoner, they do so *only* if a loss of that liberty interest "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *accord Mackey v. Dyke*, 111 F.3d 460, 462 (6th Cir. 1997).

The plaintiff does not allege, nor can it be liberally construed from the pleadings, that he suffered an atypical and/or significant hardship in relationship to the ordinary of incidents of prison life. Accordingly, these claims should be dismissed for failure to state a claim on which relief may

be granted.

### 4. Medical Care Claims

The plaintiff asserts that: 1) defendants Hall, Bell, Hodge, and an unspecified number of unidentified doctors and nurses denied him "any/adequate medical treatment" on or about August 24, 2010 while he was a pretrial detainee at RMSI; 2) an unspecified number of unidentified RMSI staff "den[ied]" him medical treatment on or about December 3, 2010 for injuries; 3) he was denied "any adequate medical treatment" on or about March 4, 2011while at the West Tennessee State Prison (WTSP); 4), he was denied "any/adequate medical treatment" on April 5, 2011 while he was incarcerated at NWCX; and 5) on or about May 11, 2011, defendants Mills and an unspecified number of unnamed medical staff members at the Charles Bass Correctional Complex (CBCX), WTSP, and NWCX denied him "any/adequate medical treatment." (Docket Entry 1, ¶¶ IV.4, 12, 17, 18, 20, pp. 6-8) The plaintiff also asserts that the alleged inadequate medical care caused him emotional pain and suffering. The defendants argue that the plaintiff has failed to establish that the defendants acted with deliberate indifference to his serious medical needs. (Docket Entries 78, 96, pp. 10-12 and 4-7 respectively)

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component.[3] The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735. "Deliberate indifference" is the reckless disregard of a substantial risk of serious

---

[3] As a pretrial detainee, the plaintiff was protected under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Horn v. Madison County Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) and citing *Estelle*, 429 U.S. at 104). However, the analysis is the same in both instances.

harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. 97, 105-06 (1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

In addition to the foregoing, the law is well established that complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Furthermore, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976).

Assuming for the sake of argument that the plaintiff's medical needs were sufficiently serious to satisfy the first part of the two-part test required to establish an Eighth Amendment claim, the plaintiff does not allege, nor can it be liberally construed from the pleadings, that the defendants acted with deliberate indifference to his serious medical needs. As already established, the court is not required conjure up unpled facts to support conclusory allegations. Moreover, the plaintiff's frequent use of the word "adequate" in his complaints suggests that, to the extent that he received medical care, he merely disputes the adequacy of that care. As previously noted, a claim for relief under § 1983 will not lie where a prisoner plaintiff receives some care, but disputes the adequacy of that care.

As far as the plaintiff's pain and suffering claims, under the law "[n]o Federal civil action

may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The plaintiff does not allege, nor can it be liberally construed from the pleadings, that any physical injury was involved.

For the reasons explained above, the plaintiff's medical care claims should be dismissed for failure to state a claim on which relief may be granted.

### 5. Access to the Courts Claims

The plaintiff asserts that he was denied access to the courts. (Docket Entry 1, ¶¶ IV.6-7, 15, pp. 6-7) The defendants argue that the plaintiff "has failed to allege that he has suffered an actual, litigation related injury" as a result of the defendants' alleged actions. (Docket Entries 78, 114, pp. 3-4 and 5-6 respectively)

The law is settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). However, it is not enough for plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, the plaintiff must show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker v. Mintzes*, 771 F.2d 920, 932 (1985); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

The plaintiff does not allege, nor can it be liberally construed from the pleadings, that he was prejudiced in any way in this, or any other, action by the defendants' alleged conduct. Although the plaintiff states in a footnote that the defendants "hindered [his] previous attempts to file [his] complaint," he provides no factual allegations that would support the conclusion that he was "prejudiced" by those alleged actions. On the contrary. In the Magistrate Judge's view, the plaintiff has pursued this action vigorously, and none of the alleged issues that he raises in the context of this

claim has hindered him in any way.

For reasons previously explained, these claims are conclusory. Therefore, they should be dismissed for failure to state a claim on which relief may be granted.

## 6. First Amendment Claims

The plaintiff asserts that defendants Nolton, Hampton, Cadney, McClain, Avery, and Herron punished him for conduct protected by the First Amendment. (Docket Entry ¶¶ IV.10, 19, pp. 6, 8) The defendants argue that these claims are conclusory and, as such, should be dismissed for failure to state a claim on which relief may be granted. (Docket Entries 78, 114, pp. 15-17 and 4-5 respectively)

The First Amendment protects a prisoner-plaintiff from being retaliated against for engaging in constitutionally protected conduct. To establish a *prima facie* case of retaliation within the context of § 1983, the plaintiff must prove that: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements 1) and 2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *See Thaddeus-X*, 175 F.3d at 394.

The plaintiff does not allege, nor can it be liberally construed from the pleadings, to what constitutionally protected conduct he is referring, or how the alleged punishment would deter a person of ordinary firmness from engaging in that conduct. Therefore, the plaintiff fails to establish the first two parts of the three-part test to establish a retaliation claim under § 1983.

For the reasons stated above, these claims should be dismissed for failure to state a claim on which relief may be granted.

## 7. Excessive Force Claim

The plaintiff asserts that defendant Mosley and three unidentified officers handcuffed and then assaulted him on or about December 3, 2010. (Docket Entry 1, ¶ 1, ¶ 11, p. 6) The plaintiff alleges that defendants Hall, Baldwin, Hampton, Bell, and Puckett also were involved. The plaintiffs argue that this claim should be dismissed for failure to state a claim on which relief may be granted. (Docket Entry 78, pp. 12-14)

A viable Eighth Amendment claim for the use of excessive force has both an objective and subjective component. *See Farmer,* 511 U.S. at 834; *Wilson*, 501 U.S. at 298. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In an excessive force claim, the objective component requires that the pain be serious. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson,* 501 U.S. at 302-03. More particularly, the subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

The plaintiff's claim is quoted below in its entirety:

> On or about 12-3-10, c/o Mosley and 3 unknown officers did handcuff Plaintiff behind his back, assault and hold him face down on his bunk while forcebly [*sic*] stripping his shorts off causing physical mental and emotional injury, pain and suffering. Others involved are Sandra Hall; Cpt. Baldwin; Lt. V. Hampton; Ricky Bell; Sgt. Terry Puckett; Gayle Ray; Derrick Schofield.

Although the plaintiff does not specify any physical injuries within the body of this specific claim, the Magistrate Judge liberally construes the plaintiff's injuries to include the "lacerations all about both arms, wrists and hands" that he links to the alleged assault in his December 3, 2010 inadequate

medical care claim  (Docket Entry 1, ¶ IV.12, p. 7).

For the reasons explained above, the plaintiff satisfies the first part of the two-part test required to establish his excessive force claim.[4]  The next question is whether he has satisfied the second part of the two-part test, *i.e.*, that the defendants acted "'maliciously and sadistically for the very purpose of causing harm'" rather than "'in a good faith effort to maintain or restore discipline.'"

Without more the plaintiff's claim that the defendants "assaulted" him is nothing more than a naked allegation and, as such, fails alone to establish that the defendants acted "'maliciously and sadistically for the purpose of causing harm.'"  Neither does the plaintiff allege, nor can it be liberally construed from the pleadings, that handcuffs were unnecessary, that his injuries were due to the handcuffs being too tight, that the defendants yanked on the plaintiff's arms unnecessarily while he was handcuffed behind his back, that the manner in which the defendants handcuffed him was improper in some other way, or that he was handcuffed solely for the purpose of causing him harm rather than a good faith effort to maintain or restore discipline.  The plaintiff also does not allege, nor can it be liberally construed from the complaint, that restraining the plaintiff "face down" on his bunk was unnecessary, that the defendants manhandled him while restraining him on the bunk, or that restraining the plaintiff on his bunk was done solely for the purpose of causing harm rather than a good faith effort to maintain or restore discipline.  Finally, the plaintiff does not allege, nor can it be liberally construed from the complaint that he volunteered to take off the shorts at issue, *i.e.*, that removing his shorts forcibly was unnecessary, or that they were taken off him solely for the purpose of causing harm rather than a good faith effort to maintain or restore discipline.

_____

[4]  The plaintiff does not allege that he received any injuries resulting from being held face down on his bunk, or by the forcible removal of his shorts.  Because there was no injury alleged, the Magistrate Judge deems that these two element of the claim do not satisfy the first part of the two-part test.

For the reasons explained above, the plaintiff fails to satisfy the subjective component of the two-part test of his excessive force claim. Because the plaintiff fails to satisfy both parts of the required two-part test, this claim should be dismissed for failure to state a claim on which relief may be granted.

### 8. Inadequate Clothing

The plaintiff asserts that he was not "properly clothed" at RMSI from June 2010 to March 2011. (Docket Entry 1, § IV.16, p. 7) The defendants argue that this claim is conclusory and, as such, it fails to state claim on which relief may be granted. (Docket Entry 78, pp. 9-10)

The Eighth Amendment protects inmates by requiring prison officials to ensure, among other things, that prisoners have adequate clothing. *See Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 832). A viable Eighth Amendment claim for non-penal conduct such as that alleged has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. The objective component requires that the risk of harm be objectively serious, *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008), and the subjective component requires that the defendant acted with "'deliberate indifference' to inmate health or safety." *Farmer*, 511 .S. 834.U

The plaintiff does not allege, nor can it be liberally construed from the pleadings, that the alleged improper clothing posed a serious risk of harm, or that the alleged lack of proper clothing amounted to deliberate indifference to his health or safety. Accordingly, this claim should be dismissed for failure to state a claim on which relief may be granted.

### III. RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge RECOMMENDS that: **1)** the plaintiff's motion for a restraining order/order of protection and preliminary injunction (Docket Entry 39) be **DENIED**; **2)** the plaintiff's motion for additional time to identify previously unnamed and

unidentified defendants (Docket Entry 132) be **DENIED**; **3)** the defendants' motions to dismiss (Docket Entries 77, 95, 113) be **GRANTED; 4)** the plaintiff's federal law claims be **DISMISSED** for failure to state a claim within the meaning 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and **5)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 14th day of January, 2013.


/s/ Joe B. Brown
Joe B. Brown
Magistrate Judge